## LeFever v. LeFever

*Donald H. Pugh*, for plaintiff.

*Crawford & Frazier*, for defendant.

SWENEY, P. J., February 28, 1963.—On October 8, 1960, plaintiff filed his complaint in divorce. On November 1, 1960, defendant filed her rule for a bill of particulars, and, on November 2, 1960, a rule for counsel fees and costs, returnable November 18, 1960. The case lay dormant until November 26, 1962, when an

order was filed fixing $125 on account of counsel fees and costs; and on November 28, 1962, plaintiff petitioned the court for a rule to show cause why this action in divorce should not be discontinued, returnable December 7, 1962; an answer was filed by defendant on December 7, 1962, contesting the plaintiff's right to discontinue.

This matter has been argued before the court en banc with written briefs. It is admitted that plaintiff is presently living in Virginia; it is also agreed that the matter of a discontinuance lies within the sound discretion of the court. However, a discontinuance should not be allowed if thereby defendant will suffer a disadvantage or if the public has an interest, as where the legality of the marriage is attacked or where the charge is adultery: Crosby v. Crosby, 42 D. & C. 452, 454. The court should refuse a discontinuance where it is apparent that plaintiff intends to start an action in another jurisdiction: Keiser v. Keiser, 4 D. & C. 2d 65; Ashton v. Ashton, 74 Montg. 117.

Defendant contends that plaintiff desires to discontinue this action so that he can commence an action in the State of Virginia, where he has now acquired residence. To permit an action in Virginia would inconvenience defendant by causing her to go to the court in Virginia, to retain counsel there and to be deprived of the right to compel the attendance of witnesses from Pennsylvania so as to properly defend her suit. We believe that these are compelling reasons; plaintiff is not hurt, for, if he had a good cause for divorce, the case here started is properly and equitably before this court.

### Decree

And now, February 28, 1963, it is ordered and decreed that plaintiff's motion for discontinuance be, and it is hereby, dismissed; discontinuance is refused; an exception is noted for plaintiff.